UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DEVIN D. MCGUIRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.: 3:22-CV-217-TAV-JEM |
| | ) |
| LOUDON COUNTY JAIL, | ) |
| JAILER BROCKWELL, | ) |
| JAILER WARD, and | ) |
| CAPTAIN KEENER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, an inmate housed in the Loudon County Jail, has filed a second pro se amended complaint[1] for violation of 42 U.S.C. § 1983 regarding events during his incarceration [Doc. 6] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, (1) Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED** and (2) this action will be **DISMISSED** because the second amended complaint fails to state a claim upon which relief may be granted under § 1983.

### I. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

As it appears from his motion for leave to proceed *in forma pauperis* [Doc. 1] that Plaintiff is unable to pay the filing fee, this motion will be **GRANTED**.

---

[1] The Court construes Plaintiff's second amended complaint as a request for leave to amend his complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, which is **GRANTED** to the extent that the Court will now screen this second amended complaint to determine whether it states a claim upon which relief may be granted under § 1983, as it "'supersedes [the] earlier complaint[s] for all purposes.'" *Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) (quoting *In re Refrigerant Compressors Antitrust Litigation,* 731 F.3d 586, 589 (6th Cir. 2013)).

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this order to the custodian of inmate trust accounts at Plaintiff's current facility to ensure that he complies with the Prison Litigation Reform Act ("PLRA") requirements for payment of the filing fee. The Clerk also is **DIRECTED** to forward a copy of this memorandum and order to the Court's financial deputy.

## II.    COMPLAINT SCREENING

### A.    Standard

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language

2

Case 3:22-cv-00217-TAV-JEM    Document 7    Filed 10/31/22    Page 2 of 5    PageID #: 68

tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B.     Analysis**

In his complaint, Plaintiff seeks relief under § 1983 for two separate incidents of excessive force [Doc. 6 pp. 5, 12]. Plaintiff has sued the Loudon County Jail [*Id.* at 1, 12] and Captain Keener and Jailers Ward and Brockwell in their official capacities [*Id.* at 2–3].

First, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 as to the Loudon County Jail, as it is not a "person" subject to liability under § 1983. *See Cage v. Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility

named as a defendant was not an entity subject to suit under § 1983"). Moreover, even if the Court liberally construes Plaintiff's complaint as against Loudon County, it also fails to state a claim upon which relief may be granted under § 1983, as he does not allege or set forth any facts from which the Court can plausibly infer that a custom or policy of this municipality caused any violation of his constitutional rights, as required to establish municipal liability. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Also, as Plaintiff has sued Captain Keener and Jailers Ward and Brockwell in their official capacities only [Doc. 6 pp. 2–3], those claims are the equivalent to suit against Loudon County itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). As such, Plaintiff's claims against these Defendants likewise fail to state a claim upon which relief may be granted under § 1983 due to Plaintiff's failure to allege or set forth any facts from which the Court can plausibly infer that a custom or policy of this municipality caused any violation of his constitutional rights. *Monell*, 436 U.S. at 691.

Moreover, even if Plaintiff could establish municipal liability, his second amended complaint largely consists of generalized allegations that he does not direct against any named Defendant [*See*, *generally*, Doc. 6]. These allegations fail to state a claim upon which relief may be granted under § 1983 against any Defendant. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a

4

claim for relief under § 1983).  Thus, on this alternative ground, these allegations fail to state a claim and support dismissal at the screening stage.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE