UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| DEVIN D. MCGUIRE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:22-CV-217-TAV-JEM |
| JAILER BROCKWELL, JAILER WARD, JAILER MYERS, and CAPTAIN KEENER, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, an inmate of the Tennessee Department of Correction formerly housed in the Loudon County Jail, filed three complaints for violation of 42 U.S.C. § 1983 arising out of his Loudon County Jail confinement [Docs. 2, 5, 6], as well as a "[f]ollow up letter" [Doc. 4] regarding his claims, all of which are now before the Court for screening [Doc. 13, pp. 5–6]. The Court will summarize each of these filings before screening them pursuant to the Prison Litigation Reform Act ("PLRA").

**I.  FIRST COMPLAINT**

In his first complaint, Plaintiff sues Loudon County and "Jailers" Brockwell, Ward, and Myers [Doc. 2, pp. 1, 3]. He does not specify whether he sues the individual defendants in their official or individual capacities [*Id.*].

In the substantive portion of this complaint, Plaintiff alleges that on December 28, 2020, Officers Brockwell, Ward, Meyers, and others used excessive force against him in a manner that damaged his teeth, injured his ribs, and caused him recurring headaches [*Id.*

at 3–4]. Plaintiff attaches several pages of summaries of "form[s]" and "medical calls" he submitted regarding these injuries and other unrelated matters [*Id.* at 5–8].

## II.     FOLLOW UP LETTER

In a document he labels a "follow up letter," Plaintiff claims that "Mr. Captain Keener" used excessive force against him in a manner that popped his arm out of the socket [Doc. 4, p. 1]. According to Plaintiff, Mr. Keener repeatedly used a racial slur to refer to Plaintiff in this incident [*Id.*]. Plaintiff also sets forth the allegations about his resulting medical care and charges [*Id.*] before describing the excessive force incident involving Officers Brockwell, Ward, Meyers that he previously set forth his first complaint, for which he provides some new details, including allegations that unspecified persons tazed him, placed him in a dry cell, and "took his under[]cloth[e]s and left him with nothing" [*Id.* at 2]. Plaintiff then sets forth various allegations about both the incident with Captain Keener and his previous allegations, as well as allegations regarding medical care, other inmates, and the charges against him [*Id.* at 3–5]. In these pages, Plaintiff also states that he is suing the Loudon County Jail [*Id.* at 4] and "following up on [his] other case" [*Id.*].

## III.    SECOND COMPLAINT

In the second complaint form, Plaintiff names Loudon County, Captain Keener, and Officers Brockwell, Meyers, and Ward as defendants [Doc. 5, pp. 1–3]. Plaintiff specifies that he sues Captain Keener in his individual capacity, but Officers Brockwell, Meyers, and Ward in their official capacities [*Id.* at 2–3]. Plaintiff then complains about the incident in which he alleges Officers Brockwell, Meyers, and Ward knocked out his teeth and strapped him to a chair from his first complaint, as well as an incident that occurred

2

approximately 16 or 17 months later, in which Captain Keener choked him and popped his arm out of place, for which he claims he did not get an x-ray [*Id.* at 7, 8, 12, 13].

## IV. THIRD COMPLAINT

In his third complaint, Plaintiff names the Loudon County Jail and Captain Keener, Officer Brockwell, and Officer Moore as defendants [Doc. 6, pp. 1–3]. He states that he sues all individual Defendants in their official capacities [*Id.* at 2–3]. Plaintiff then sets forth conclusory allegations about his injuries and the incidents set forth in his previous filings [*Id.* at 5, 7] before including a "short summary" again recounting the same two excessive force incidents underlying his prior filings [*Id.* at 12].

## V. STANDARD

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

3

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## VI. ANALYSIS

First, to the extent that Plaintiff seeks to name the Loudon County Jail as a Defendant in this action, this is not an entity subject to suit under § 1983. *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under § 1983"). Additionally, to the extent that Plaintiff has sued Loudon County, Plaintiff's complaint filings do not suggest that a custom or policy of this municipality caused any violation of his constitutional rights, and they therefore do not state a plausible § 1983 claim against this defendant. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs").

Likewise, to the extent that Plaintiff has sued any individual defendant in his official capacity, any such claim is actually against Loudon County. *Kentucky v. Graham*, 473

4

U.S. 159, 165 (1985) (holding that claims against officials in their official capacity are effectively claims against the entity that employs them). Accordingly, as the Court has already found that the complaint fails to state a claim upon which relief may be granted under § 1983 as to Loudon County, any claim against an individual defendant in his official capacity fails for the same reason.

But liberally construing Plaintiff's complaint filings [Docs. 2, 5, 6] and his "[f]ollow up letter" [Doc. 4] in his favor, the Court finds that those filings may state plausible excessive force claims against the individual defendants in their individual capacities arising out of two separate excessive force incidents, specifically (1) the incident with Officers Brockwell, Ward, and Myers, and (2) the incident with Captain Keener. However, Plaintiff's piecemeal complaint filings do not comply with this Court's Local Rule, which requires a party seeking to amend a pleading to file a complete proposed amended pleading that does not incorporate any prior pleading and provides that failure to do so is grounds to deny the motion. E.D. Tenn. LR 15.1 (providing in relevant part that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion.").

Additionally, Plaintiff's excessive force claims arising out of two separate events and against different defendants are not properly joined in this action under Rule 20(a)(2). Specifically, while a plaintiff may join as many claims as he has against an opposing party under Rule 18(a) of the Federal Rules of Civil Procedure, Rule 20(a)(2)

5

allows a plaintiff to sue multiple defendants only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, Rule 20 does not permit plaintiffs to join unrelated claims against different defendants in one lawsuit. *See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"); *Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at *6 (S.D. Ohio, Sept. 9, 2022) (severing unrelated claims a prisoner plaintiff filed in the same complaint against different defendants) (citations omitted); *White v. Newcomb*, No. 2:21-cv-249, 2022 WL 2763305, at *4–5 (W.D. Mich. July 15, 2022) (providing that a plaintiff cannot join claims against multiple defendants in one lawsuit "'unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact'" (quoting *Proctor v Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) and collecting cases standing for the proposition that prisoners cannot join unrelated claims against different defendants in a single lawsuit).

Accordingly, the Court will allow Plaintiff to file an amended complaint. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

## VII.   CONCLUSION

For the reasons set forth above, Plaintiff **SHALL** have fifteen (15) days from the date of entry of this order to file an amended complaint identifying whether he intends to proceed with his excessive force claim(s) arising out of either (1) the incident with Officers Brockwell, Ward, and Myers, or (2) the incident with Captain Keener.

Also, Plaintiff is **NOTIFIED** that (1) if he includes claims that are not properly joined under Rule 20(a)(2) and Rule 18(a) in the amended complaint he files, the Court will presume that Plaintiff intends to proceed as to his first listed claim, and the Court will summarily **DISMISS** any misjoined claim(s) without prejudice; (2) any amended complaint he files will completely replace his previous filings [Docs. 2, 4, 5, 6]; and (3) if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court without further notice.

Also, Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE