UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DEVIN D. MCGUIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-CV-217-TAV-JEM |
| | ) | |
| JAILER BROCKWELL, JAILER | ) | |
| WARD, JAILER MYERS, and | ) | |
| CAPTAIN KEENER, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This is a prisoner's pro se action for violation of 42 U.S.C. § 1983 in which Plaintiff claims that on December 20, 2020, Defendants used excessive force against him in the Loudon County Jail [Doc. 18, pp. 1–3]. Now before the Court is Defendants' motion to dismiss Plaintiff's claims because they are time-barred, among other things[1] [Doc. 31], in support of which they filed a memorandum [Doc. 32]. Plaintiff did not file a timely response to this motion [Doc. 42]. As such, Plaintiff waived any opposition to the motion. E.D. Tenn. L.R. 7.2. However, in response to the Court's previous order [Doc. 45], Plaintiff filed a motion to appoint counsel [Doc. 46]. For the reasons set forth below, Plaintiff's motion to appoint counsel [Doc. 46] will be **DENIED**, Defendants' motion to dismiss [Doc. 31] will be **GRANTED**, Defendants' other pending motions [Docs. 40, 43] will be **DENIED as moot**, and this action will be **DISMISSED**.

---

[1] As the Court finds that Plaintiff's claims are untimely, it does not reach Defendants' other arguments for dismissal of this case.

## I.    COUNSEL

In support of his request that the Court appoint him counsel, Plaintiff states that the person assisting him with this case moved to another prison, he cannot afford an attorney, he did not finish school, and he does not "understand some of the stuff going on in this case" [Doc. 46, p. 1].  Plaintiff also states he is "locked up for doing [w]rong," that Defendants injured his teeth, that he has night terrors, that he received threats and mistreatment after the excessive force incident, that he "gave [Defendants] no problems," that he can name everything Defendants did, that Defendants should have to answer for what they did, and that his mom tried to assist him with this case but she has heart problems and poor health [*Id.* at 1–3].  Plaintiff also requests that the Court not dismiss this case [*Id.* at 3].

Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993).  A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992).  In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–06.

As to the first two factors, as set forth above, this action is proceeding only as to Plaintiff's excessive force claims against Defendants, and excessive force is a standard prisoner § 1983 claim that is not factually or legally complex.  As to the third factor, it is apparent from his filings that Plaintiff can adequately present his claims.  Also, Plaintiff's

allegations regarding his lack of education and legal knowledge are common for prisoner plaintiffs.

Thus, Plaintiff has not established that this is an exceptional case where he is entitled to appointment of counsel, and his motion to appoint counsel [Doc. 46] is **DENIED**.

## II. MOTION TO DISMISS

### A. Allegations

In the first complaint he filed herein on April 19, 2022, Plaintiff sought relief under § 1983 based on a claim that on December 28, 2020, Defendants Myers, Ward, Brockwell, "and others" used excessive force against him [Doc. 2, pp. 3–4, 9]. Similarly, in his operative complaint herein [Doc. 18], Plaintiff again seeks relief under § 1983 based on the same December 28, 2020, excessive force claim, and he now alleges that Defendant Keener also participated in this event, although he does not specify what Defendant Keener did [*Id.* at 2–3]. In their motion to dismiss this action, Defendants assert that Plaintiff's excessive force claims are time-barred [Doc. 31, pp. 2; Doc. 32 p. 8–9]. In the only motion he has filed after Defendants filed this motion, Plaintiff does not address Defendants' assertion that his claims are untimely or set forth any reason that the Court should toll the statute of limitations [Doc. 46].

### B. Analysis

As § 1983 has no statute of limitations, federal courts rely on the forum state's statute of limitations for personal injury actions when addressing complaints for violation of 42 U.S.C. § 1983. *Wallace v. Kato*, 549 U.S. 384, 387–88 (2007). In Tennessee, that period is one year. *See* Tenn. Code Ann. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168

3

(Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim). When the statute begins to run, however, is an issue of federal law. *Eidson v. State of Tenn. Dep't of Children's Servs*., 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

While the statute of limitations is an affirmative defense, a district court may dismiss an action under Rule 12(b)(6) of the Federal Rule of Civil Procedure if the complaint "affirmatively show[s] that the claim is time-barred." *Bozzo v. Nanasy*, 159 F.4th 1111, 1116 (6th Cir. 2025) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)). Where this is the case, the plaintiff may avoid dismissal "only by showing that an exception to the statute of limitations applies." *Id.* (citing *Lutz v. Chesapeake Appalachia, LLC*, 717 F.3d 459, 464 (6th Cir. 2013)).

As set forth above, in this action, Plaintiff seeks § 1983 relief for an excessive force incident that occurred on December 28, 2020 [Doc. 18]. However, the record establishes that Plaintiff first filed a complaint for § 1983 relief based on this excessive force incident nearly 16 months after that incident, specifically on April 19, 2022 [Doc. 2, p. 9]. Accordingly, in their motion to dismiss, Defendants correctly point out that Plaintiff's § 1983 excessive force claims accrued on December 28, 2020, because his injuries due to that incident were discoverable on that date, but Plaintiff did not file this action within one year of that date, as the applicable statute of limitations required [Doc. 31, p. 2; Doc. 32,

4

pp. 8–9].  And Plaintiff has not responded with any reason that the Court should apply an exception to the statute of limitations.  *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000) (providing that equitable tolling generally "applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control," and "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day").

Accordingly, Plaintiff's relevant complaints [Docs. 2, 18] establish that Plaintiff's claims are untimely, and Plaintiff has not set forth any reason that the Court should not dismiss his complaint as time-barred.

## III    CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss [Doc. 31] is **GRANTED**, Defendants' other pending motions [Docs. 40, 43] are **DENIED as moot**, and this action will be **DISMISSED without prejudice**.  Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff should be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

5